**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN DAVIDSMEYER** | § | |
| | § | |
| **v.** | § | **Civil Action No.  5:20-cv-1419** |
| | § | |
| **HOME DEPOT U.S.A., INC. and ROBERT** | § | |
| **HALTER** | § | |

## DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant HOME DEPOT U.S.A., Inc. ("Home Depot"), Defendant herein, and files this Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, 1441 and 1446 *et. seq.*, and would respectfully show the Court as follows:

### I.      BACKGROUND

1.    Home Depot is the defendant in a civil action pending in the 407th Judicial District Court of Bexar County, Texas, entitled Cause No. 2020CI20642; *Davidsmeyer, John v. Home Depot USA, Inc., Robert Halter* (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as Exhibit "A" and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a).

2.    The State Court Action was filed on October 22, 2020. Home Depot was served with Plaintiff's Original Petition (hereinafter referred to as the "Petition") on November 16, 2020. The Petition asserts a claim of Respondeat Superior against Home Depot and claims of Negligence against Robert Halter, based on an accident that allegedly occurred in a Home Depot Store in Bexar County, Texas on September 10, 2020, when Plaintiff John Davidsmeyer ("Plaintiff") was allegedly struck by a forklift operated by Robert Halter a Home Depot employee. In the Petition, Plaintiff specifically states that he is

seeking monetary relief over $1,000,000.00. Thus, it is facially apparently from the Petition that Plaintiff seeks damages in excess of $75,000.00, such that the amount in controversy requirement for diversity jurisdiction is satisfied. Therefore, this Notice of Removal is timely filed within thirty (30) days of service of process of the first pleading or other paper from which it could be determined that the amount in controversy is in excess of $75,000.00, exclusive of costs. *See* 28 U.S.C. § 1446(b).

## II.     DIVERSITY OF CITIZENSHIP

3.     Plaintiff is, and was at the time of filing of this action, a citizen of the State of Texas.

4.     Home Depot is, and was at the time of the filing of this action, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Consequently, Home Depot is a citizen of the States of Delaware and Georgia.

5.     Consequently, the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that Plaintiff and Home Depot are now, and were at the time this action commenced, diverse in citizenship from each other.

## III.     IMPROPER JOINDER

6.     Defendant Robert Halter ("Halter") is a citizen of Texas. However, Plaintiff improperly joined Halter as a defendant to defeat diversity jurisdiction, as there is no possibility that Plaintiff will be able to establish a cause of action against Halter in state court. *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995). To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644,647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5h Cir. 1999). Home Depot alleges that Halter was improperly joined under the second method only. Under the method, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is

no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this issue, the court may pierce the pleadings and consider summary judgment-type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]" *Id.*

7.     Plaintiff alleges that Halter owed Plaintiff a duty to exercise the degree of care that reasonably careful person would use to avoid harm to others under circumstances similar to those described in the petition.

8.     However, on the date of the alleged incident, Robert Halter was a store manager at Home Depot Store No. 6818, located at 5638 W Loop 1604 North San Antonio, Texas 78251. The accident alleged by Mr. Davidsmeyer occurred at the Home Depot Store located at 611 SW Loop 410, San Antonio, Texas 78227. *See* Declaration of Halter, attached hereto as Exhibit "D." Halter was not a premises owner or occupier of the Home Depot store at the time the cause of action accrued or at the time of removal. *Id.* Importantly, Halter was not present in the store nor the area where Plaintiff alleges he was injured, when he was injured or immediately beforehand. *Id.*

9.     All of Plaintiff's allegations against Halter are conclusory allegations that fail to suggest any basis that Halter owed an independent duty of any kind to Plaintiff.  Even if the Court finds that Plaintiff has pled a valid negligent activity claim, there is no possibility that Plaintiff will be able to establish a negligent activity claim against Halter. An employee of a corporation can only be held "personally liable for tortious acts for which he directs or participates in during his employment." *Leyendecker & Associates, Inc. v. Associates, Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). Plaintiff does not allege that Halter was directing or participating in any tortious acts at the time Plaintiff was allegedly injured. As mentioned above, Halter was not at the store where the alleged negligent

activity occurred at or immediately before the time of the alleged incident. *See* Exhibit "D." Therefore, there is no basis for personal liability against Halter for negligence.

10.     Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction.

11.     Under 28 U.S.C. §1446 (a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

12.     Pursuant to 28 U.S.C. §1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff, and will further file a copy of this Notice of Removal with the District Clerk of Bexar County, Texas, where the State Court Action was previously pending.

13.     **Jury Demand** – Home Depot hereby requests a trial by jury on all issues and claims in this cause.

WHEREFORE**,** Defendant Home Depot U.S.A., Inc. hereby removes the case styled Cause No. 2020CI20642; *Davidsmeyer, John v. Home Depot USA, Inc., Robert Halter*; In the 407st Judicial District Court of Bexar County, Texas, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____/ s / Joelle G. Nelson_____
JOELLE G. NELSON
Texas Bar No. 24032501
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: 713.659.6767
Fax: 713.759.6830
joelle.nelson@lewisbrisbois.com

**OF COUNSEL:**

**Lewis Brisbois Bisgaard & Smith LLP**
AMANDINE E. SMITH
Texas Bar No. 24088428
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: 713.659.6767
Fax: 713.759.6830
amandine.smith@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT,
HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 11th day of December, 2020, as follows:

**PLAINTIFF:**
Mark Poling
State Bar No. 24083669
mark@poling.law
**POLING LAW, PLLC**
1313 Northeast Loop 410, Suite 100
San Antonio, Texas  78209
Telephone: (210) 201-0303
Facsimile: (210) 686-3033

*/ s / Joelle G. Nelson*
JOELLE G. NELSON