**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOHN DAVIDSMEYER,<br>            *Plaintiff*<br><br>-vs-<br><br>HOME DEPOT U.S.A., INC., ROBERT HALTER, JOHN DOE #1 AND JOHN DOE #2,<br>            *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **SA-20-CV-1419-XR** |

## ORDER

On this date, the Court considered Plaintiff John Davidsmeyer's motion to remand this action previously removed from Bexar County District Court. After careful consideration, Plaintiff's motion is GRANTED.

## BACKGROUND

On September 10, 2020, Plaintiff was allegedly struck by a forklift driven by Defendant Robert Halter ("Halter"), an employee of Defendant, Home Depot U.S.A., Inc. ("Home Depot"). Docket no. 1 Ex. B-2 ¶ 12. Plaintiff originally filed suit in the District Court of Bexar County, Texas, on October 22, 2020, asserting a claim for negligence against Halter and a claim for vicarious liability against Home Depot. *Id.* ¶ 13–19.

On December 11, 2020, Home Depot removed the case to this Court on the basis of diversity jurisdiction. Docket no. 1. 28 U.S.C. § 1332(a) grants federal courts jurisdiction where there is complete diversity between all plaintiffs and all defendants, and the amount in controversy exceeds $75,000. Home Depot asserts that it is incorporated in Delaware and maintains its principal place of business in Georgia, making it a citizen of both states. *Id.* ¶ 4. Plaintiff is a citizen of Texas and seeks monetary relief over $1,000,000.00, thereby satisfying the amount in controversy required for diversity jurisdiction. Docket no. 1 ¶ 2. The issue in dispute is whether

1

Defendant Halter, who is a citizen of Texas, was improperly joined and should be disregarded for purposes of diversity jurisdiction, thereby defeating Plaintiff's motion to remand.  Docket no. 1 ¶ 6.

Plaintiff argues that remand is proper in this case because Defendant Halter is not a diverse party.  Docket no. 6 at 2 ¶ D.  Plaintiff alleges that Halter is the Home Depot employee who struck him with the forklift and that he was properly joined.  *Id.* at 2–3 ¶ B.  Alternatively, Plaintiff states that if Halter is not the employee who struck him with the forklift, then it is "the fault of Defendant's employee for providing false information to the Movant, and Home Depot should not now be able to benefit from a false statement made by their employee to Movant."  *Id.* at 3 ¶ C.

Plaintiff argues that Home Depot had a duty to disclose the employee who allegedly struck him with a forklift, and that the removal action is merely an attempt to delay proceedings.  *Id.* at 3 ¶ F.  Conversely, Home Depot asserts that diversity jurisdiction exists, and removal is proper.  Docket no. 7.

## DISCUSSION

### I.     Legal Standard

Under 28 U.S.C. § 1441(a), a defendant is permitted to remove a civil action from state court to a district court that has original jurisdiction.  Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over cases between completely diverse citizens involving an amount in controversy of at least $75,000.  "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity."  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).  If a non-diverse defendant is found to be improperly joined, the non-diverse defendant may be disregarded for diversity jurisdiction purposes and dismissed from the action,

leaving the court with proper jurisdiction over the remaining parties. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The removing party is required to establish both federal jurisdiction and the elements needed for a claim of improper joinder. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723. There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2000)).

**II. Analysis**

    **a. Federal Diversity Jurisdiction**

Diversity Jurisdiction is proper under 28 U.S.C. § 1332(a) when there is complete diversity and an amount in controversy of at least $75,000. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). It is undisputed that Home Depot is a citizen of Delaware and Georgia for purposes of diversity jurisdiction, and that Plaintiff is a citizen of Texas. Docket no. 1 ¶ 3–4. There is likewise no dispute that the amount in controversy exceeds $75,000. Therefore, the requirements needed for federal diversity jurisdiction are met as between Plaintiff and Home Depot. *Id.* ¶ 2. However, the diversity of citizenship requirement for federal diversity jurisdiction is not met as between Plaintiff and Halter because both are citizens of Texas. Docket no. 1 Ex. B-2 ¶ 5. Thus, if Halter is a proper defendant, this Court does not have jurisdiction and must remand.

    **b. Improper Joinder**

Home Depot alleges that Plaintiff improperly joined Halter to defeat diversity jurisdiction. It claims no fraud in the pleadings, but rather that Plaintiff has no basis of recovery against Halter. Thus, the Court must determine whether Plaintiff has a "reasonable basis of recovery under state law" against Halter. *Smallwood*, 385 F.3d at 573. "Courts in the Fifth Circuit apply a '12(b)(6)-type analysis' to determine whether a plaintiff has a reasonable basis of recovery. If a plaintiff has not stated a claim for relief against a non-diverse defendant, then that defendant was improperly joined, and the court may disregard their citizenship." *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *2 (W.D. Tex. Nov. 18, 2019) (citing *id.*; *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018)).

When considering an allegation of improper joinder, a court must focus on the joinder itself and not delve into the merits of the case. *Smallwood*, 385 F.3d at 575. Under a 12(b)(6) analysis, a court does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court is required "to accept as true all well pleaded facts in the complaint; and the complaint is to be liberally construed in favor of the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 558.

Although the court in *Smallwood* instructs that a district court may conduct a summary inquiry in cases in which the plaintiff misstates the facts or omits facts that would determine the propriety of joinder, such cases are few and far between. The court cautioned "that a summary inquiry is appropriate only to identify the presence of discrete and *undisputed facts* that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74

4

(emphasis added).  Stated differently, the court should not resolve issues related to the merits of a case during this inquiry.

Here, Home Depot argues that Plaintiff cannot sustain its claim against Halter because Halter was the store manager at a different store location on the date of the accident. Docket no. 7 at 3 (citing docket no. 1-9).  Plaintiff counters with photos of an individual believed to be Robert Halter driving a forklift at the Home Depot location where Plaintiff was injured. Docket no. 6 at 9–11.  The Court finds that the evidence submitted constitutes a fact issue that is not properly addressed on a motion to remand.  Instead, the Court looks to the sufficiency of Plaintiff's pleadings under the standards set out by the Supreme Court in *Twombly*.

The Court holds that Plaintiff's claim against Defendant Halter sufficiently meets the requirements under a 12(b)(6) analysis.  The claim states "Halter had a duty to exercise the degree of care that a reasonably careful person would use, [and] . . . Plaintiff's injuries were proximately caused by Defendant Robert Halter's negligent, careless and reckless disregard of said duty." Docket no. 1 Ex. B-2 ¶ 17–18.  The specifics proffered by the Plaintiff to demonstrate the "negligent, careless and reckless disregard of said duty" are that "Robert Halter failed to maintain control of the forklift he was operating and did not maintain a clear safe distance from the Plaintiff." *Id.* ¶ 19.  Plaintiff has sufficiently plead a claim supporting a plausible basis for recovery against Halter.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

In sum, Home Depot has failed to meet its burden of establishing Halter as an improperly joined defendant.  The Court concludes that Robert Halter was properly joined as a Defendant, that the requirements for federal diversity jurisdiction are not met, and that the action must be remanded.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Remand (docket no. 6) is **GRANTED**. This case is therefore **REMANDED** for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c), (d).

It is so **ORDERED**.

**SIGNED** this 26th day of February 2021.

_____
Xavier Rodriguez
United States District Judge